**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>VICTOR MURRAY,<br><br>　　　　Defendant-Appellant. | No.　17-10278<br><br>D.C. No.<br>1:07-cr-00156-LJO-3<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 12, 2018[**]
San Francisco, California

Before:　GRABER and HURWITZ, Circuit Judges, and LEMELLE,[***] District Judge.

Victor Murray appeals the sentence imposed for violation of the terms of his supervised release.　Reviewing for abuse of discretion, *United States v. Spangle*, 626

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

F.3d 488, 497 (9th Cir. 2010), we affirm.

1.  Murray first argues that the district court abused its discretion in denying his motion for a continuance of the sentencing. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985) ("The decision to grant or deny a requested continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion."). To prevail, Murray must "demonstrate 'at a minimum that he has suffered prejudice as a result of the denial of his request.'" *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000) (quoting *Flynt*, 756 F.2d at 1359).

Murray has failed to demonstrate prejudice from the denial of the continuance. Murray does not claim that the court's order "prevent[ed] the introduction of specific evidence." *United States v. Mejia*, 69 F.3d 309, 317 (9th Cir. 1995). Nor has he demonstrated that the denial of the continuance impeded his ability "to obtain . . . testimony potentially supportive of his . . . defense," *United States v. Pope*, 841 F.2d 954, 957 (9th Cir. 1988), or "affected his ability to testify in his own defense," *United States v. Kloehn*, 620 F.3d 1122, 1129 (9th Cir. 2010). Although counsel conceivably might have preferred more time to prepare for the hearing after receiving the government's disclosures several days prior, he was not prevented from presenting a defense. *See Zamora-Hernandez*, 222 F.3d at 1049.

2.  Murray claims that his sentence was based on clearly erroneous fact-

2

finding by the district court. But the court's factual findings were not "illogical, implausible, or without support in the record." *Spangle*, 626 F.3d at 497. Murray does not dispute the he violated the terms of his supervised release. And, although Murray claimed that he was sincerely committed to a rehabilitation program, the district court had evidence before it, including statements by Murray, that drew Murray's claim into question.

**AFFIRMED.**